```
          UNITED STATES DISTRICT COURT FOR THE
          WESTERN DISTRICT OF NORTH CAROLINA
                  CHARLOTTE DIVISION
                    3:09cv252-W-02
                      (3:05cr400)
```

**DIANE BEVERLY SIGUENZA,**       )
                                  )
       **Petitioner,**             )
                                  )
       **v.**                      )      <u>**ORDER and NOTICE**</u>
                                  )
**UNITED STATES OF AMERICA,**     )
                                  )
       **Respondent.**             )
_____ )


   **THIS MATTER** is before the Court on Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, filed June 22, 2009 (Doc. No. 1); and Respondent's <u>de facto</u> motion for summary judgment, filed October 14, 2009 (Doc. No. 3).

   The Court has carefully reviewed the foregoing documents along with Petitioner's Reply to Respondent's <u>de facto</u> motion for summary judgment (which document was captioned as "Opposition Of The United States To The § 2255 Motion Of Defendant Diane Beverly Siguenza"), and has concluded that Respondent may be en-titled to a judgment as a matter of law.

   **PETITIONER SIGUENZA, PLEASE READ THIS CAREFULLY:**

   In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding <u>pro se</u>, of the heavy burden that she carries in responding to Respon-

dent's Motion.  Indeed, the Federal Rules of Civil Procedure provide:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2) (2008).  This language means that if Petitioner has any evidence to offer to show that there is a genuine issue for trial, she must now present it to this Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations.  An affidavit is a written statement sworn before a notary public, and "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e)(1).  An unsworn statement, made and signed under the penalty of perjury, also may be submitted.

Affidavits or unsworn statements must be presented by Petitioner to this Court within thirty (30) days of the entry of this Order.  <u>As stated by Rule 56(e)(2), Petitioner's failure to respond may result in granting Respondent's Motion for Summary</u>

2

<u>Judgment, that is, in the dismissal of this Motion to Vacate with prejudice</u>.

**IT IS, THEREFORE, ORDERED** that Petitioner has thirty (30) days from the entry of this Order to file her response, including any evidence, to Respondent's Motion for Summary Judgment.

The Clerk is directed to send copies of this Order to the parties.

**SO ORDERED.**

Signed: July 27, 2010

Frank D. Whitney
United States District Judge